```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Christopher Sanders

    v.                                              Civil No. 17-cv-089-SM

United States of America

**REPORT AND RECOMMENDATION**

Plaintiff Christopher Sanders, a federal prisoner proceeding pro se, has filed a complaint (Doc. No. 1), pursuant to the Federal Tort Claims Act ("FTCA"), alleging violations of his rights while he was a prisoner at the Federal Correctional Institution, Berlin, New Hampshire ("FCI-Berlin").[1] Sanders initially filed this case in the District of Tennessee, but that court transferred the matter here. Sanders's complaint is before the court for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

**Standard**

In determining whether a pro se pleading states a claim, for the purposes of this court's preliminary review of prisoner pleadings under 28 U.S.C. § 1915A(b)(2), the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94

---

[1] Sanders is presently incarcerated at a Federal Correctional Institution in North Carolina.

(2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background

Sanders alleges that while he was incarcerated at FCI-Berlin, hygiene supplies distributed to inmates in his housing unit burned his skin.  Sanders states that the products were provided by the FCI-Berlin store to him and/or his cellmate, whose products he used, but were manufactured and/or distributed elsewhere.

## Discussion

### I. FTCA Claims

Sanders names the United States as a defendant to this claim, and the court construes the assertions in the complaint as an attempt to proceed under the FTCA, alleging that one or more FCI-Berlin employees were negligent in connection with the harms he alleges he suffered at FCI-Berlin.  To invoke the subject matter jurisdiction of this court, a plaintiff seeking to proceed under the FTCA "must demonstrate that he has exhausted the administrative presentment requirements for filing

his claim in the district court." Hooker v. United States, No. 12-CV-346-JL, 2014 WL 120659, at *2 (D.N.H. Jan. 13, 2014); see also 28 U.S.C. § 2675; Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003).

Sanders has filed documents in this case suggesting that he has commenced administrative exhaustion of one or more of his claims here. However, Sanders has not demonstrated that he has fully exhausted his claims. As Sanders's pleadings do not demonstrate such exhaustion, he has not established that this court has jurisdiction over his FTCA claims. The FTCA claims should therefore be dismissed without prejudice to being refiled once the claims are exhausted, unless Sanders demonstrates, within thirty days of the date of this Report and Recommendation, that he has fully exhausted his FTCA claims.[2]

## II. Claims Against Manufacturers/Distributors

Apparently intending to bring suit against the manufacturers and/or distributors of the hygiene products of which he complains, Sanders asks the court to provide him with information to assist him in filing such an action. The court does not research potential claims or defendants on behalf of

---

[2]In another case filed in this court, Sanders v. Palmer, No. 17-cv-007-JL, Sanders has provided documents indicating that he may have begun the process of exhaustion his FTCA claims. Those documents do not indicate that the administrative process concerning those claims is complete.

litigants before this court.  Sanders has failed to state any claims within this court's original jurisdiction against the manufacturers and/or distributors of the hygiene products in his complaint here.  Accordingly, any claims Sanders may have intended to assert in this action against those entities should be dismissed, without prejudice to Sanders's ability to seek relief in the future, against an appropriate defendant and in an appropriate venue.

## Conclusion

For the foregoing reasons, the court recommends that this action be dismissed in its entirety, without prejudice, as set forth above.  Any objections to this Report and Recommendation must be filed within thirty days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  That period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 18, 2017

cc:  Christopher Sanders, pro se